IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,                              ORDER

     v.                                    06-CR-110-JCS-01

ERIN ELIZABETH KING,

        Defendant.

---

A hearing on the Court's order for judicial review of Erin Elizabeth King's supervised release was held on January 13, 2011, before United States District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Robert A. Anderson. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U.S. Probation Officer Michael J. Nolan.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on November 1, 2006, following her conviction for possession of pseudoephedrine for the manufacture of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(c)(2). This offense is a Class C felony. She was committed to the custody of the Bureau of Prisons to serve a term of 62 months, followed by three years of supervised release.

On July 29, 2010, defendant began her term of supervised release. On August 7, 2010, she violated Standard Condition No. 7, requiring her to refrain from excessive use of

alcohol, when she consumed alcohol. Defendant violated Special Condition No. 4, prohibiting her from the use of illegal drugs and from association with drug users and sellers and Standard Condition No. 7, prohibiting her from excessive use of alcohol and from purchasing, possessing, using, distributing or administering any narcotic or other controlled substance, as evidenced by her November 1, 2010, positive urinalysis for cocaine and her November 3, 2010, admission to using alcohol and cocaine. In November 2010, she violated Standard Condition No. 9, prohibiting her from association with any person engaged in criminal activity, and from association with any person convicted of a felony unless granted permission to do so by the probation officer, as evidenced by her November 9, 2010, admission to socializing with convicted felon Kyle Vanderbilt.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, or modify the conditions of release upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's criminal history category is IV. With a Grade C violation and a criminal history category of IV, defendant has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentence previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. Defendant's violations are serious, but her response to them warrants continuing her on supervised release. Based on the recommendation of the Probation Officer, the three-year term of supervised release imposed on defendant on November 1, 2006, will be continued. The intent of this sentence is to allow her to continue to positively address her sobriety while staying enrolled in school and staying employed.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 1, 2006, is continued and a status hearing will be held on February 10, 2010 at 1:00 p.m., at which time defendant is to report her progress in maintaining sobriety. All standard and special conditions of supervised release previously imposed shall remain in effect.

Entered this 13th day of January, 2011.

BY THE COURT:

/s/

_____
William M. Conley
U.S. District Judge